The appellee sued out from the office of the Davidson County Court ascire facias against the appellant *Page 275 
as special bail of William Chribbs, as follows: "Whereas Gerard Trammell, heretofore in our County Court of Davidson at July session, 1806, obtained a judgment against William Chribbs for the sum of eighty-four dollars, for which there has issued against the said Chribbs a writ ofcapias ad satisfaciendum, bearing teste the third Monday in April, 1807, whereon return was made to July sessions, 1807, thus, not found. And whereas at the time of serving the writ of capias ad satisfaciendum at the instance of the said Trammell on the said Chribbs, James Jackson become the said Chribbs' bail in manner and form as directed by an act of Assembly in such cases made and provided. These are therefore to command you to make known to the said James Jackson that he appear," c.
The appellant appeared upon being served with a scire facias, and pleaded,
1. "That after the rendition of the judgment aforesaid against the said William Chribbs, at the suit of the said Gerard Trammell, and before the issuing of the writ of scire facias against the said Jackson, no writ ofcapias ad satisfaciendum upon that judgment by the said Trammell against the said Chribbs, was duly returned and filed here on record."
2. That he had paid to the said Trammell the several sums of money in the scire facias, mentioned.
To the second plea the appellee replied, and an issue was made up.
To the first plea he replied that previous to the suing out of thescire facias in this action, he did sue out a capias ad satisfaciendum
against the body of the said William Chribbs returnable on the third Monday in July, 1807, upon the judgment recited in the said scirefacias, which was put into the hands of the sheriff of Davidson County, and by him returned "not found," — all which the plaintiff is ready to verify, and prays that this may be inquired of by the record.
The appellant filed a special demurrer to this replication, and assigned for causes "that in the said plea pleaded in reply, it is not shown at what time *Page 276 
said writ of capias ad satisfaciendum issued; from what court; in what suit; to whom it was directed against whom it was issued; nor is it shown that the said writ now remains among the records of this Court or any other, — and the said replication is uncertain and wants form."
The issue joined upon the second plea was found in favor of the appellee; and the demurrer of the appellant to the replication to the first plea was by the Court overruled, and a judgment entered for tie appellee.
An appeal was then taken to the Circuit Court, where the judgment of the County Court was affirmed. The appellant then appeal to this Court, and has assigned for error the impropriety of the decision upon the demurrer.
Dickinson, for the appellant, argued that the replication should show the writ of capias ad satisfaciendum had been directed to the sheriff of Davidson County. To put it into his hands without his possessing the power to execute it, and which he could not do unless it were directed to him, would not be such a foundation as to authorize a scire facias to issue against the bail. The bail does not become responsible upon his undertaking as such until there has been a capias ad satisfaciendum
regularly issued and returned "not found" against the principal. The object is to compel the creditor to use every process known to the law, and that as effectually as is practicable to take the body of the debtor. The undertaking of the bail is simply, that the body of the principal shall be forthcoming whenever the plaintiff in the action shows by issuing legal process that he wants it taken. When the effect of that process fails, then, and not till then, the bail becomes personally liable.
Indeed, the replication is defective in innumerable instances; and as a special demurrer was filed by the appellant, this Court is authorized to examine and see in what respects it wants form. That it is informal is abundantly clear. 2 Lilly's Entries, 394. And besides, the replication ought to conclude with a prout *Page 277 patet per recordam, which it has not done. Without this had been done the appellant could not have replied nul tiel record. 1 Mass. T. Rep. 495; 2 Str. 1226; 1 Ld. Rayd. 35; 3 Lev. 311; 3 Dyer, 351.
Cooke, e contra, insisted that although the replication might not contain as many words as those which were to be found in Lilly's Entries and other form books, where the drawers of them were paid by the line, yet it contained all that was necessary to show the responsibility of the bail. It is assigned as one cause of demurrer, that the replication does not state the time when the capias ad satisfaciendum issued, though very little has been said in argument upon that point. So far as it is essential that the time should appear, the fact is explained by a reference to the scire facias itself, which the Court upon this demurrer has a right to look into. But there is only one point of view in which it is at all material to ascertain the time when the capias adsatisfaciendum issued, and that is for the purpose of discovering whether it issued before the scire facias or not. Without a reference to anything hut the replication it appears sufficiently clear that the ca. sa. first issued; not only because it is expressly alleged that fact is so, but because the replication further shows, at what time it was returnable.
It is admitted that the bail can alone become responsible in the event, that, the principal is not found by the proper officer, who has legal process against him. If the fact be that the process was not directed to the sheriff of Davidson County, there can be no doubt but that his return would not affect the bail. It would be fair, however, to presume that as the process was put into his hands' it was directed to him. The appellant in his plea having relied solely upon the ground that no ca. sa had been returned, seems thereby to dispense with the necessity of the allegation that it was directed to the proper officer.
And there can be no doubt but that if the appellant had rejoined nuttiel record, the production of a ca. sa. not directed to the officer by whom it was returned, would not support the replication. *Page 278 
The replication referring to the record by the words "and prays that this may be inquired of by the record," may not have pursued the very form of words used in the books; but there can be no mistake about the meaning — it does substantially conclude with a prout patet per recordam.
Trammell having recovered a judgment against Chribbs in the County Court, took out a scire facias against Jackson, who was his bail. Jackson pleaded that no capias ad satisfaciendum had been sued out and returned against Chribbs before issuing the scire facias. The replication alleges that a capias ad satisfaciendum had been sued out and returned previous to issuing the scire facias, which he was ready to verify by the record. To this replication the defendant demurred for several special causes, to-wit: Because it did not show at what time the capias ad satisfaciendumissued; from what court; in what suit; to whom directed; against whom issued; nor that it remains amongst the records of any court. There was a joinder in demurrer. The County Court overruled the demurrer; so did the Circuit Court; and now the question is whether the replication is sufficient. This Court is far from believing that this replication is as attentive to form as it is desirable it should be. But we still do not believe that taking the whole of the record together this judgment should be reversed. The conclusion of the replication evidently refers to the records of that court in which the judgment had been rendered, and the defendant could have rejoined, in such a way as to have had the benefit of every defence that could have arisen, from any defect in the capias adsatisfaciendum, if any in truth did exist.
Let the judgment be affirmed.
NOTE. — See editor's note to Gillaspee v. Clark, 1 Tenn., 2. — ED.